## SUPREME COURT.

ANNA MOFFAT, respondent, agt. WILLIAM MOFFAT, appellant.

*Executor — Accounting — Where an executor has finally accounted before a surrogate and been discharged, how and under what circumstances he can be required to account further — Appeal — When order appointing a referee appealable.*

Where an executor has finally accounted before the surrogate, the heirs and legatees of the deceased (the plaintiff's assignor being one of them) having executed a general release to the executor, and thereupon a decree having been entered judicially settling his accounts and discharging him as such executor:

*Held*, that the executor, having accounted before the surrogate, could not, until his accounts so rendered were impeached, be required to account further:

*Held*, further, that the burden of impeaching the accounts rendered, and of showing that the defendant, as executor, &c, then had in his hands money or property of the estate not accounted for is on the plaintiff, and until that burden is met, and an interlocutory judgment is rendered in the plaintiff's favor on that issue, the executor cannot properly be required to

account for any purpose. The impeaching facts are to be proved by the same species of evidence as any other fact.

The defendant can be called as a witness by plaintiff and compelled to testify. as to whether he had any property in his hands as executor, &c., not embraced in his accounts rendered, and to specify the property; but he cannot be compelled to render an account for the purpose of furnishing evidence in the plaintiff's behalf, upon the primary issue whether he is liable to account.

Whether, upon interlocutory judgment being rendered against the executor upon that issue, he can be compelled to account generally, or only in respect to matters not embraced in his accounts before the surrogate, *quære.*

An order of special term appointing a referee to take the account of an executor, who has already accounted before the surrogate, for the information of the court, affects a substantial right, and is appealable to the general term.

*Fifth Department, General Term, January,* 1886.

*Before* SMITH, *P. J.*, BARKER, HAIGHT *and* BRADLEY, *JJ.*

APPEAL from a special term order appointing a referee to take the account of the defendant, as executor, &c., of James Moffat, deceased, for the information of the court, and from an order denying the defendant's motion to open or modify the first mentioned order.

*George Wadsworth*, for appellant.

*M. A. Whitney*, for respondent.

SMITH, *P. J.*—The complaint in this action alleges, in substance, that in April, 1863, the defendant, who was named as executor in the last will of James Moffat, deceased, took out letters testamentary, and entered upon such executorship, and continued to act therein until June, 1880, when he made and filed with the surrogate his accounts as such executor, and asked for a final accounting. That said accounts were duly verified, and they purported to contain all the acts and doings of the

defendant, as such executor, and to be a true and correct state-
ment of the then condition of said estate, and the sums and
property then remaining in his hands subject to distribution
among the heirs, next of kin and legatees of the deceased enti-
tled thereto. That one of said heirs and legatees was Edward
Moffat, the plaintiff's assignor, to whom, as such heir and lega-
tee, there appeared by the said accounts, to be due, the sum of
$3,379.75; that said Edward, relying upon the truth of said
accounts so filed, and believing them to be accurate, was induced
thereby to consent to such final accounting upon the basis
of the said accounts, and in order that a decree might be
entered, he, with other heirs and legatees of said deceased, exe-
cuted a general release to the defendant as such executor, and
thereupon a decree was entered on the 17th of June, 1880,
judicially settling said accounts, and discharging the defendant
as such executor. The complaint also alleges, that the said ac-
counts were not truthful and correct; that they did not account
for all the moneys and property in which the said Edward was
entitled to a distributive share, and that, in fact, the said de-
fendant, as such executor, &c., then had in his hands in money
and good securities, subject to such distribution, the further
sum of about $43,684.10, which he failed to account for, and
of which the said Edward was ignorant when he consented to
such accounting and executed said release. The relief de-
manded is a judgment, setting aside and vacating the final de-
cree of the surrogate discharging the defendant as executor,
&c., and vacating the said release, and ordering him to account
as such executor, with costs.

The answer of the defendant alleges that his said accounts
were true, denies that the defendant had in his hands any
money or property subject to distribution which he failed to
account for, and sets up the settlement, release and decree, and
payment in full in accordance therewith. Upon this state of
the pleadings it seems, to us, that the order requiring the de-
fendant to account is premature. He has accounted before the
surrogate, and not until his accounts so rendered are impeached,

can he be required to account further, even according to the theory of the complaint. The burden of impeaching the accounts rendered, and of showing that the defendant, as executor, &c., then had in his hands money or property of the estate not accounted for, is on the plaintiff, and until that burden is met, and an interlocutory judgment is rendered in the plaintiff's favor on that issue, the defendant cannot properly be required to account for any purpose. The impeaching facts, so alleged, are to be proved by the same species of evidence as any other fact. Undoubtedly, the defendant can be called as a witness by the plaintiff, and compelled to testify as to whether he had any property in his hands as executor, &c., not embraced in his accounts rendered, and to specify the property (and for the purpose of the plaintiff, upon the preliminary issue, a single item would probably be sufficient); but the defendant cannot be compelled to render an account for the purpose of furnishing evidence in the plaintiff's behalf, upon the primary issue whether he is liable to account. That would be trying the case in an order the reverse of the true one.

Whether, upon interlocutory judgment being rendered against the defendant upon that issue, he can be compelled to account generally, or only in respect to matters not embraced in his accounts before the surrogate, is a question that need not now be discussed, and we do not pass upon it.

As the orders affect a substantial right, they are appealable.

Each of the orders appealed from should be reversed. Ten dollars costs of this appeal, and disbursements, allowed to the appellant, in one case only.

BAKER, HAIGHT and BRADLEY, JJ., concur.

So ordered.